HARRISON *v.* CADDO VALLEY BANK.

Opinion delivered April 30, 1917.

1. EXECUTION SALE—TITLE OF PURCHASER.—A purchaser at an execution sale takes subject to prior equities of other parties.
2. VENDOR'S LIEN—NOTES—FORECLOSURE.—A bank took certain notes reciting a vendor's lien, as collateral security for a note. The maker of the note, defaulting in payment, and the bank being in the attitude of an innocent purchaser, it was entitled to a foreclosure of the vendor's lien, as against a judgment creditor of the maker of the note who had secured a sale of the property on execution.

Appeal from Montgomery Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*H. H. Thomas,* for appellant.

1. Plaintiff was not the assignee of the four notes—there was no assignment of them. Joyce, Defenses to Com. Paper, § 358; 95 Ga. 75, 78; 10 N. D. 558-563; 77 Pac. 431.

2. The notes were wrongfully pledged by Jones—a fraud. 50 Ark. 320. The bank had notice. 1 Daniel on Neg. Inst. (5 ed.), § 799; 104 Ark. 394.

3. Did Barton and Witherspoon, by levy and sale, acquire a lien which a court of chancery will enforce against plaintiff? See 21 Ark. 80; 33 *Id.* 63; 34 *Id.* 503, 509; 139 Iowa, 511; 18 L. R. A. (N. S.) 1167-1175. The first note was due before it was pledged, probably the second. It would be a fraud on Harrison to render judgment for the full amount, as plaintiff was not an innocent purchaser for value. 14 Ballard, Real Property, § 164. The chancellor's findings are against the evidence.

*Gibson Witt,* for appellee.

1. The notes were assigned as collateral security, and the bank was an innocent purchaser for value, before maturity. 62 Ark. 216; Kirby's Digest, § 510. Appellee was not a party to any agreement between Jones and Harrison, and had no notice. There was no fraud.

2. Barton & Witherspoon are not innocent purchasers, but they had actual notice. 42 Ark. 170; 52 *Id.* 493; 53 *Id.* 509; 80 *Id.* 8. The findings of the chancellor are sustained by the evidence.

SMITH, J. This action was instituted by the appellee bank against appellants, for the purpose of enforcing a vendor's lien on certain town lots, which was reserved in the deed of conveyance. The consideration for this deed was four notes, each for $150, payable to the order of P. F. Jones, the vendor, and signed by A. C. Harrison, the purchaser. These notes were dated September 25, 1913, and were due, respectively, January 1, 1914, July 1, 1914, January 1, 1915, and July 1, 1915. The deed from Jones to Harrison was of even date with the notes, and was filed for record on November 27, 1914.

Jones borrowed $489.96 from the bank and made a note therefor, due ten days after date, and, upon the maturity of this note, he proposed, as a consideration for an extension of time, to deposit the four notes given him by Harrison, as collateral to his own note, and this was done.

Witherspoon & Barton recovered a judgment against Jones, upon which an execution was issued, and they became the purchasers of the lots in question at the sheriff's sale under this execution on November 28, 1914, for the sum of $580, and received from the sheriff a certificate of purchase reciting that fact. Upon failure by Jones to pay his note to the bank, this suit was brought for the purpose of foreclosing the vendor's lien reserved in favor of Jones in his deed to Harrison. It was alleged in this complaint that Witherspoon & Barton were asserting some interest in these lots, and they were made parties to this proceeding, and there was a prayer, as against them, that they be required to set out their interest in the lots. Separate answers were filed by both Witherspoon & Barton and by Harrison. In these answers it was alleged that Jones had sold the lots in question to Harrison, who had defaulted in his payments, whereupon it had been agreed between Jones and Harrison that the deed

should not be placed of record, but should be destroyed, and the notes cancelled, and that no authority existed for recording the deed, and that Jones and the officers of the bank had conspired together to defraud both Witherspoon & Barton and Harrison, and had placed the deed of record for that purpose. That Harrison had surrendered the possession of the lots, and Jones was in possession of them at the time of the delivery of the collateral notes to the bank, and that the bank was not an innocent purchaser of the notes, and that the notes had never been assigned to it. Issue was joined upon these allegations.

We need not consider the effect of the agreement, if one was made, between Jones and Harrison for the cancellation of the deed. It may be said, however, that, if there was an agreement for the destruction of the deed. it was never carried out, for the deed was not destroyed. but was delivered by Jones to the bank along with the notes which constituted the consideration for its execution. Harrison was notified when the first of these notes fell due, but he did not pay it, nor did he respond to the notice, and he made no demand for his notes, and the proof does not show that the bank was advised of any agreement between Harrison and Jones in regard to their cancellation.

The chancellor found that the bank was an innocent purchaser of the notes, and if this was true, its rights are not affected by any agreement between Jones and Harrison for the destruction of the deed of which it was not advised. Both Jones and the cashier of the bank testified that the notes were endorsed by Jones to the bank at the time they were deposited by Jones as collateral for the extension of his note to the bank. This would have accorded with the usual custom in such matters, and, upon a consideration of all the evidence in the case, we are unable to say that the finding of the court below to this effect is clearly against the preponderance of the evidence.

Witherspoon & Barton purchased at their own execution sale, and the amount of their bid is a credit upon

their judgment, and they, therefore, take the title subject to the prior equities of other parties. *Sturdivant* v. *Cook,* 81 Ark. 279.

If the bank was, in fact, an innocent purchaser of the notes, and we can not say that the chancellor's finding to that effect is clearly against the preponderance of the evidence, it follows that it is entitled to the benefit of the lien reserved in the deed from Jones to Harrison under section 510 of Kirby's Digest, which provides that "the lien or equity held or possessed by the vendor of real estate, when the same is expressed upon or appears from the face of the deed or conveyance shall inure to the benefit of the assignee of the note or obligation given for the purchase money of such real estate, and may be enforced by such assignee."

It follows, therefore, that the decree of the court below, ordering the foreclosure of the vendor's lien in favor of the bank. should be affirmed, and it is so ordered.